IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:15-CR-393 |
| | ) | |
| JACK GRIFFIN KNIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

The defendant-inmate, Jack Knight, asks the Court to reduce his sentence pursuant to the compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A). His motion for compassionate release will be denied without prejudice as the basis for his motion was not presented to the warden, and, thus, he has failed to comply with the mandatory claim-processing rule in the statute.

I. **Factual Background**

On February 3, 2016, Mr. Knight pled guilty to receiving child pornography. Minute Entry 02/03/2016; Doc. 11 at 1. He was sentenced to a below-guidelines sentence of 87 months imprisonment, followed by 5 years of supervised release. Doc. 25 at 2–3; Doc. 36 at 32.

Mr. Knight submitted a request to the warden in February 2020 asking the warden to file a motion for sentence reduction on his behalf because he was the only person

available to care for his elderly wife.[1]  *See* Doc. 42.  The warden denied this request a few weeks later.[2]  *Id* at 3.  On March 20, 2020, Mr. Knight filed a motion for compassionate release, Doc. 40, which was denied without prejudice for failure to exhaust.  Doc. 43.  Mr. Knight thereafter filed a second motion for compassionate release based on his own age and health conditions.  Doc. 45.

**II.     Requirements for Compassionate Release Sentence Reductions**

While courts do not have unfettered jurisdiction or discretion to modify criminal sentences after they become final, *United States v. Goodwyn*, 596 F.3d 233, 235–36 (4th Cir. 2010), 18 U.S.C. § 3582(c)(1)(A), the "compassionate release" provision does authorize courts to reduce an inmate's sentence under certain limited circumstances. Under § 3582(c)(1)(A), the Bureau of Prisons ("BoP") may file a motion for compassionate release on a defendant's behalf upon request or, if the inmate has requested BoP to file such a motion and it has refused or failed to timely respond, by the inmate.  For motions filed by the inmate, the inmate must ordinarily show that he has exhausted his administrative remedies.  If he has, he must also show "extraordinary and compelling reasons" exist that warrant a sentence reduction, align with any applicable policy statement issued by the Sentencing Commission, and comport with the statutory sentencing factors listed in 18 U.S.C. § 3553.  *See* 18 U.S.C. § 3582(c)(1)(A).

---

[1] Mr. Knight contends in his supplement, Doc. 42, that he sent his request to the warden on February 11, 2020, not February 24, 2020, as the warden's denial letter states.

[2] Mr. Knight contends in his supplement, Doc. 42, that he received the denial letter on April 9, 2020, not March 11, 2020, which is the date on the denial letter.

### III. Discussion: Exhaustion of Administrative Remedies

The exhaustion requirement in § 3582(c)(1)(A) is a mandatory claim-processing rule that is not subject to judicial waiver when properly invoked by the government, as here. *See United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020); *United States v. Davis*, No. 1:17-CR-69, 2020 WL 3976970, at *2–3 (M.D.N.C. July 14, 2020). A defendant must first ask the BoP to file a motion on his behalf, and he can only come to court directly once thirty days passes or he has exhausted his administrative remedies, if that is earlier. *Id.* When a defendant does not exhaust his administrative remedies or wait thirty days before filing his motion directly with the court, he has failed to satisfy the exhaustion requirement in § 3582(c)(1)(A) and his motion is subject to denial without prejudice. *See Alam* 960 F.3d at 834–36; *Davis*, 2020 WL 3976970, at *3; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Mr. Knight filed his request with the warden in February 2020, Doc. 42, and it was denied a few weeks later, well over a month before he filed the pending motion in June. *Id.* at 3. But the basis for his request to the warden was entirely different from the basis he puts before this Court. As noted *supra*, in his request to the warden he says only that he was needed to care for his wife. *Id.* In his pending motion, he has abandoned that basis and relies only on his own age and health situation. *See* Doc. 45.

The exhaustion requirement in § 3582(c) gives the BoP the opportunity to process and prioritize motions for compassionate release based on their merit and the seriousness of each inmate's risk. *See Alam*, 960 F.3d at 835–36*; Davis*, 2020 WL 3976970, at *3; *United States v. Valenta*, No. CR 15-161, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7,

3

2020), *reconsideration denied*, No. CR 15-161, 2020 WL 1984319 (W.D. Pa. Apr. 27, 2020) ("One of the purposes for requiring prisoners to exhaust their administrative remedies before bringing a claim in federal court is to give the BOP an opportunity to address the issue."). Allowing an inmate to present the Court with an entirely new basis for a sentence reduction denies the BoP the opportunity to evaluate the request on its merits and undermines the mandatory statutory exhaustion requirement. *See United States v. Garcia-Duran*, No. CR 410-100, 2020 WL 3477171, at *2 (S.D. Ga. June 25, 2020) (holding inmate had not exhausted his administrative remedies in part "because the basis for his request to the Warden, i.e. age, [was] not part of his motion to the Court"); *United States v. Hernandez*, No. 13CR4467-JAH, 2020 WL 3051105, at *4 (S.D. Cal. June 5, 2020) (finding that to satisfy the exhaustion requirement, "the administrative request must raise the same basis for relief as the federal court filing."); *United States v. Pitt*, No. 1:97-CR-108, 2020 WL 2098272, at *2 (M.D. Pa. May 1, 2020) (denying compassionate release because inmate's request to the warden in 2019 was not based on the COVID-19 pandemic or any medical reasons but his request to the court was); *United States v. Mogavero*, No. 2:15-CR-00074-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) ("Proper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden [as to the court].") (citing 28 C.F.R. § 571.61).

The exhaustion requirement should not be applied hyper-technically, and the request to the warden need not be identical in detail or specificity to the motion made in court. *See United States, v. Hamrick*, No. 1:19-CR-91, 2020 WL 4016037, at *3

(M.D.N.C. July 16, 2020). But there must be a reasonable degree of overlap which gives the BoP a fair opportunity to consider whether to make the motion on the defendant's behalf.

Given Mr. Knight's age and health conditions, especially in combination with his wife's situation and the COVID-19 pandemic, the BoP might well decide to file a motion on his behalf.[3] Here, the BoP had no opportunity to evaluate whether Mr. Knight's age and health conditions might provide a basis for compassionate release, and, therefore, Mr. Knight has failed to exhaust his administrative remedies. The motion is denied without prejudice.

The Court denied Mr. Knight's initial motion for compassionate release for failure to exhaust, Doc. 43, based on an analysis the Court has since revisited in light of new appellate case law. *See* Text Order 7/1/20; *see also Davis*, 2020 WL 3976970, at *3. While there is some disagreement over the dates, it appears he has satisfied the statutory exhaustion requirement to the extent he sought a sentence reduction based on the need to provide care to his wife. Assuming this is so, the Court declines to grant relief on this basis alone, as it is not clear that Mr. Knight is the only available caregiver for his wife.

If Mr. Knight decides to pursue a sentence reduction again, he should first file a request with the warden based on his wife's health situation, his own age and health

---

[3] Mr. Knight might also be eligible to serve the remainder of his sentence on home confinement pursuant to the CARES Act. *See* Pub. L. No. 116-136, 134 Stat. 281. While the CARES Act does authorize the Attorney General to increase the amount of time the BoP Director may place a prisoner in home confinement under 18 U.S.C. § 3624(c)(2), it does not provide any role for the courts in this decision. *Id.* at § 12003(b)(2); *see, e.g., United States v. Dudley*, No. 5:97-CR-00001-KDB, 2020 WL 2513681, at *2 (W.D.N.C. May 15, 2020).

5

Case 1:15-cr-00393-CCE   Document 47   Filed 07/20/20   Page 5 of 6

situation, the COVID-19 pandemic, and any other facts or circumstances he contends constitute extraordinary and compelling reasons. Thirty days later, if the warden denies the request or fails to act, Mr. Knight may refile his motion in this Court and may seek appointment of counsel to assist him. Alternatively, if the warden denies the request within thirty days, Mr. Knight may exhaust his administrative appeal rights and then file a motion in this Court.

It is **ORDERED** that the defendant's renewed motion for compassionate release, Doc. 45, is **DENIED without prejudice**.

This the 20th day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE